Howry, J.,
delivered the opinion of the court:
Plaintiff was appointed and commissioned by the President to be an ensign in the temporary force of the Navy during the war with Spain under the provisions of an act of Congress approved May 4, 1898. He was ordered to duty on board *114 ■the Southeiy, and served under his appointment creditabty bejmnd the limits of the United States until August 11, 1808, when he was detached from service at sea under orders of the Navy Department directing' him to proceed to his home. The day preceding the order detaching him the plaintiff tendered his resignation, as shown in the letter disclosed by the fourth finding. The Secretary of the Navy accepted the resignation on August 13, 1898, to take effect August 15, 1898. On the last named date, however, the Chief of the Bureau of Navigation forwarded an honorable certificate of discharge from the naval service to plaintiff, stating to him that the discharge was forwarded on the presumption that this would be more acceptable to him than the acceptance of his resignation, and with the further statement that if this was so plaintiff would return to the Department for cancellation the letter accepting his resignation. This letter, however, was not returned.
Plaintiff subsequently presented a claim for $200 for two months’ extra pay authorized by the act of March 3, 1899 (30 Stat. L., 1228). This claim was rejected by the Auditor on the ground that a subsequent discharge issued by the Navy Department was, in effect, but a form of acceptance of his resignation and not such a discharge as was contemplated by the act granting extra pay to officers of the temporary force of the Navy (5 Comp. Dec., 877; 6 Comp. Dec., 346, 714).
The statute under which the claim is made provides that—
“The officers and enlisted men comprising the temporary force of the Navy during the war with Spain who served creditably beyond the limits of the United States, and who have been or may hereafter be discharged, shall be paid two months’ extra pay.”
Plaintiff is within the spirit of the act, but unfortunately for his interest he is not within the terms of the statute. He was not offered a certificate of discharge from the service until after his resignation had been duly accepted and taken effect. The day the resignation took effect he was as much out of the service, as far as any orders of the Navy Department could affect him (whether beneficially or injuriously), as if he had never been in it. Being no longer amenable to the requirements of a service which he had voluntarily left, the letter transmitting to him a certificate of honorable discharge *115 was inoperative to cancel the resignation. Had the resignation been revoked before the same took effect a different question might arise, but on the case as it has arisen we are unable to afford relief.
The petition is dismissed.